UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED LOMAR, INC., | Case No.  14-cv-03195-VC |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING VENUE** |
| LONE STAR DISTILLERY, LLC, | Re: Dkt. No. 26 |
| Defendant. | |

Plaintiff Allied Lomar has sued Defendant Lone Star Distillery, dba Garrison Brothers Distillery, for trademark infringement and other related claims. Allied Lomar alleges that it sells, markets, and distributes bourbon whiskey under the federally registered trademark "Cowboy Little Barrel," and that Garrison Brothers has infringed on its trademark by selling, marketing, and distributing a bourbon with the unregistered mark "Cowboy Bourbon." Allied Lomar alleges that even though it has never sold its bourbon within the United States,[1] it intends to do so soon, and, due to Garrison Brothers' allegedly infringing "Cowboy Bourbon," Allied Lomar has had trouble finding domestic distributors that are willing to sell its product. Garrison Brothers has moved to dismiss for failure to state a claim, lack of personal jurisdiction, and improper venue. Alternatively, Garrison Brothers has moved to transfer venue to the Western District of Texas. Garrison Brothers' motion to transfer venue is granted.

The Court does not believe it has personal jurisdiction over Garrison Brothers, which has never sold its "Cowboy Bourbon" in California, or anywhere outside of the State of Texas. To establish that the Court has personal jurisdiction over Garrison Brothers, Allied Lomar must make a prima facie showing that: (1) Garrison Brothers directed its activities toward the State of

---

[1] Allied Lomar does not currently hold a Certificate of Label Approval for selling its bourbon within the United States.

United States District Court
Northern District of California

California, meaning that Garrison Brothers committed an intentional act expressly aimed at California, causing harm that it knew was likely to be suffered in California; and (2) Allied Lomar's claim relates to Garrison brothers forum-related activity. *See Scharzenegger v. Fred Martin Motor Co*. 374 F.3d 797, 802 (9th Cir. 2004). If Allied Lomar makes this showing, the burden then shifts to Garrison Brothers to demonstrate that the Court's exercise of personal jurisdiction would not comport with fair play and substantial justice. *Id*.

Allied Lomar alleges that even though Garrison Brothers has never sold "Cowboy Bourbon" or any of its bourbon in California, Garrison Brothers has expressly targeted its activities toward the State of California. First, Allied Lomar alleges that Garrison Brothers maintains an interactive website and social media presence, with Garrison Brothers engaging with customers online, inviting customers to take a tour of its distillery, and offering merchandise (though not bourbon) for sale through the website. But these activities are not specifically directed toward the State of California. Indeed, the facts alleged by Allied Lomar to make this point – such as, for example, the amount of merchandise sales in California and the number of Californians writing Yelp reviews of Garrison Brothers distillery tours – show how minimal Garrison Brothers contacts with California actually are.

Second, Allied Lomar alleges that Garrison Brothers directed its activities toward California by hiring a branding company based in Napa, California to design its labels for its "Cowboy Bourbon." But this is insufficient to confer personal jurisdiction over Garrison Brothers, as the decision to hire a company to design a label is not sufficiently related to the harm of which Allied Lomar complains.

Finally, Allied Lomar alleges that Garrison Brothers has expressly targeted California because it intends to expand distribution into California in 2015, as demonstrated by information on its website, its blog, and the LinkedIn page of the brother of Garrison Brothers' founder. Allied Lomar does not argue that Garrison Brothers plans to sell the allegedly-infringing "Cowboy Bourbon" in California in 2015, but rather argues that because Garrison Brothers prominently features "Cowboy Bourbon" in its marketing, and uses it to cross-promote its other bourbon, which it does plan to sell in California in the future, there is personal jurisdiction over Garrison

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  Brothers for purposes of this lawsuit. This is admittedly a close call, but the Court believes that it

2  involves too attenuated of a connection between Cowboy Bourbon and the State of California to

3  justify an exercise of personal jurisdiction. And even if all of these allegations were sufficient to

4  suggest that Garrison Brothers directed its activities relating to the allegedly-infringing product

5  toward California, the Court would still have serious concerns about whether the exercise of

6  personal jurisdiction over Garrison Brothers comported with fair play and substantial justice.

7  Accordingly, the Court transfers venue to the Western District of Texas under 28 U.S.C. §

8  1406(a).

9       Further, even if the Court did have personal jurisdiction over Garrison Brothers, it would

10  nonetheless transfer venue under 28 U.S.C. § 1404, rather than under 28 U.S.C. § 1406. The

11  Western District of Texas is a far more convenient and appropriate forum for litigating this case,

12  given that Garrison Brothers is located in Hye, Texas, has all of its employees there, and has never

13  sold a bottle of its allegedly infringing bourbon anywhere but Texas.

14       Accordingly, the clerk is directed to transfer this case to the Western District of Texas.

15       **IT IS SO ORDERED**.

16  Dated: November 26, 2014

17  _____

18  VINCE CHHABRIA
   United States District Judge

19

20

21

22

23

24

25

26

27

28