1  ROBERT P. ANDRIS  (*PRO HAC ADMITTED*)
   randris@gordonrees.com
2  MICHAEL D. KANACH  (*PRO HAC ADMITTED*)
   mkanach@gordonrees.com
3  GORDON & REES LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (415) 986-8054

6  KATARZYNA BROZYNSKI - 24036277
   kbrozynski@gordonrees.com
7  GORDON & REES LLP
   2100 Ross Avenue, Suite 2800
8  Dallas, TX 75201
   Tel:     (214) 231-4743
9  Fax:     (214) 461-4053

10

11 Attorneys for Plaintiff
   ALLIED LOMAR, INC.

12

13                  UNITED STATES DISTRICT COURT

14                   WESTERN DISTRICT OF TEXAS

15                        AUSTIN DIVISION

16 ALLIED LOMAR, INC.                    CASE NO.  1:14-cv-01078-SS

17                Plaintiff,

18        vs.                            **PLAINTIFF ALLIED LOMAR
                                         INC.'S FIRST AMENDED
19 LONE STAR DISTILLERY, LLC DBA         COMPLAINT FOR FEDERAL
   GARRISON BROTHERS DISTILLERY; and DOES TRADEMARK INFRINGEMENT
20 1 THROUGH 10                          [15 U.S.C., § 1114 *et seq.*],
                                         FEDERAL FALSE ADVERTISING
21                Defendants.            [15 U.S.C. § 1125(a)],  FEDERAL
                                         FALSE DESIGNATION OF
22                                       ORIGIN [15 U.S.C. § 1125(a)], AND
                                         FEDERAL UNFAIR
23                                       COMPETITION [15 U.S.C. §
                                         1125(a)]**

24                                       **DEMAND FOR JURY TRIAL**

25       Plaintiff ALLIED LOMAR, INC. ("Plaintiff" or "Allied"), for its Complaint for

26 Trademark Infringement alleges as follows against Defendant LONE STAR DISTILLERY,

27 LLC, dba Garrison Brothers Distillery, ("Lone Star" or "Garrison Brothers") and DOES 1-10

28 (collectively, "Defendants"):

*Sidebar (left margin):* **Gordon & Rees LLP  275 Battery Street, Suite 2000  San Francisco, CA 94111**

## INTRODUCTION

1.     This is an action to redress violations of the federal trademark and unfair competition laws (15 U.S.C. § 1114 *et seq.*, and § 1125 *et seq.*), as the result of Defendants' willful and unauthorized use of Allied's registered trademark and trade name, as more fully set forth herein.  Allied seeks injunctive relief restraining Defendants' ongoing and continued willful infringement of Allied's trademarks and trade names, as well as damages that are the direct and proximate result of the infringement.  In addition to damages and permanent injunctive relief, Allied seeks an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and other relief.

## THE PARTIES

2.     Plaintiff Allied Lomar, Inc., is a California corporation organized and existing under the laws of California with a principal place of business at 401 California Dr., Suite 500, Burlingame, California 94010.  Allied is in the business of selling, marketing, and distributing distilled spirits, including bourbon and whiskey under the federally registered trademark "COWBOY LITTLE BARREL" and "COWBOY" mark.

3.     Upon information and belief, Lone Star Distillery, LLC, dba Garrison Brothers Distillery, is a company organized an existing under the laws of Texas, with a principal place of business at 1827 Hye Albert Rd., Hye, Texas 78635, and a post office box address of P.O. Box 5932, Austin, Texas 78763.  Allied is in the business of selling, marketing, and distributing distilled spirits, including bourbon and whiskey under the unregistered "COWBOY BOURBON" and "COWBOY" marks.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Allied, who therefore sues said Defendants by such fictitious names.  Allied will seek leave of the Court to amend this Complaint when the names of said Defendants have been ascertained.

5.     Allied is informed and believes, and upon such information and belief alleges, that at all times herein mentioned Defendant DOES 1 through 10, inclusive, were the agents, employees, servants, consultants, principals, employers or masters of each of their Co-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

Defendants and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of the remaining Defendants.  Allied is further informed and believes, and upon such information and belief alleges, that each of these fictitiously named Defendants is responsible in some manner for acts and/or omissions herein alleged.

6.    Upon information and belief, Defendants individually and collectively are involved in the distilling, distribution, marketing and/or sales of distilled spirits, including whiskey marketed and sold using the unregistered name "COWBOY BOURBON," with an emphasis on the word "COWBOY."

7.    Upon information and belief, Defendants have marketed, advertised, sold and offered for sale and intend to continue marketing, advertising, selling and offering to sell their bourbon and whiskey products, including "COWBOY BOURBON" or "COWBOY," unless enjoined.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States.  Specifically, this is an action for federal trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq.*; and federal law infringement and unfair competition because of false advertising and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).  The Court has jurisdiction over the subject matter of the related unfair competition claims pursuant to 28 U.S.C. §1338(b) because those claims are joined with substantial and related claims brought under the trademark laws.

9.    This Court has personal jurisdiction over Defendants, and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, (a) Defendants and/or their agents, are doing business in this District and operating an interactive website; and (b) events giving rise to this lawsuit, as well as substantial injury to Allied, have occurred or will occur in interstate commerce, in the State of Texas, and in the Western District of Texas as a result of Defendants' violations of the asserted trademark as alleged in detail below.  Defendants and/or their agents have purposefully availed themselves of the opportunity to conduct commercial

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 activities in this forum.  For example, Defendants advertise their products, including "COWBOY

2 BOURBON" for sale to retail stores and restaurants, bars, hotels, and airports in the state of

3 Texas.

4      10.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) in that Defendants

5 conduct commercial activities in this District, and pursuant to 28 U.S.C. § 1391(c) as Defendants

6 are corporations and are deemed to reside in any judicial district in which it is subject to personal

7 jurisdiction at the time the action is commenced.  Defendants sought and obtained transfer of this

8 case to this venue.

9 **FACTS**

10 **A.**    **Allied's Registered Trademark**

11      11.    Allied owns a valid federally registered trademark in the United States for the

12 word mark "COWBOY LITTLE BARREL" in International Class 033 for Bourbon Whiskey.

13 U.S. Registration No. 2777811 was filed on February 8, 2001, and registered on October 28,

14 2003, with a first use in commerce at least as early as August 31, 1995.  [**EXHIBIT 1**]

15      12.    Allied's registration for the mark "COWBOY LITTLE BARREL" is valid,

16 subsisting, and conclusive evidence of the validity of the mark, Allied's ownership of the mark,

17 and Allied's exclusive right to use the mark "COWBOY LITTLE BARREL" in commerce on or

18 in connection with the goods and services specified therein.

19      13.    Allied uses the "COWBOY LITTLE BARREL" and "COWBOY" marks in

20 commerce as a word mark and a stylized logo in its advertising and sale of bourbon and whiskey

21 and has used the mark in commerce since at least as early as 1995.

22      14.    Allied's labels for "COWBOY LITTLE BARREL" bourbon and whiskey

23 emphasize the word "COWBOY" in commerce in as a word mark and a stylized logo in its

24 advertising and sale of bourbon and whiskey.  For example, Allied's labels have depicted a

25 silhouette of a cowboy on a horse above the word "COWBOY."  Below are three images of

26 Allied's "COWBOY LITTLE BARREL" mark used on bottles of bourbon and whiskey.  These

27 images are from specimens filed with the USPTO related to U.S. Registration No. 2777811, each

28 of which shows the word COWBOY in larger sized font above the words LITTLE BARREL:

-4-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  

15.    Whiskey is defined in the "Standards of Identity for Distilled Spirits" in the Code of Federal Regulations on "Labeling and Advertising of Distilled Spirits."  Title 27 CFR, Part 5. According to Title 27 CFR, Part 5(c), specifically Section 5.22, there are several different "types" of whiskey, including,  "bourbon whisky," "rye whisky," "wheat whisky," "malt whisky," "rye malt whisky," "corn whisky," "spirit whisky," "light whisky," "Scotch whisky," "Irish whisky," and "Canadian whisky."  The word "COWBOY" is not defined in Section 5.22. The word "COWBOY" does not describe any particular type or attribute of whiskey.  Rather, Allied's use of the word "COWBOY" as a brand refers consumers and distributors of distilled spirits to Allied, the owner of the federally registered trademark as the source.

16.    Allied has a long history of using the marks "COWBOY" and "COWBOY LITTLE BARREL" as an indication of source in marketing and sales of bourbon and whiskey. As a result, consumers, including distributors, have and will continue to associate the marks "COWBOY" and "COWBOY LITTLE BARREL", when related to distilled spirits, whiskey, and/or bourbon, with Allied and its federally registered trademark.

17.    Allied, while based in California, has offered for sale, advertised, and sold distilled spirits domestically and internationally for years.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

18.     Allied has offered for sale, advertised, and sold whiskey under the trade names "COWBOY" and "COWBOY LITTLE BARREL" out of its California offices since at least as early as 1995.

19.     Allied has transported in interstate commerce bourbon and whiskey under the marks "COWBOY" and "COWBOY LITTLE BARREL" domestically, and advertised, promoted, and sold bourbon and whiskey under the marks "COWBOY" and "COWBOY LITTLE BARREL" internationally in foreign commerce from California.  Allied's "COWBOY LITTLE BARREL" bourbon and whiskey has more than one variety, including Kentucky bourbon and whiskey.  Historically, several types of "COWBOY LITTLE BARREL" bourbon and whiskey have been bottled and labeled in Kentucky, shipped via interstate commerce from Kentucky to California, where Allied stores it in its warehouse before exporting for foreign distribution.

20.     Allied has the right to expand its market into the United States and into the State of Texas, for Allied's "COWBOY LITTLE BARREL" and "COWBOY" branded bourbon and whiskey based on Allied's federally registered trademark in the United States, which was registered prior to Defendants' unauthorized use.

21.     Allied intends to sell bourbon and whiskey under the marks "COWBOY" and "COWBOY LITTLE BARREL" domestically, including in the State of Texas, in the immediate future and has been preparing for domestic distribution.  Allied has filed for a certificate of label approval ("COLA") with the United States Department of the Treasury's Alcohol and Tobacco Tax and Trade Bureau ("TTB") for its "COWBOY LITTLE BARREL" branded distilled spirits for sales in the United States.  Upon approval of the label, Allied can distribute, advertise, promote, and sell its "COWBOY LITTLE BARREL"/"COWBOY" branded bourbon and whiskey domestically in all fifty states in the United States, including in the State of Texas. Allied has been working with and will continue to work with distributors to distribute, promote, advertise, and sell its "COWBOY LITTLE BARREL" and "COWBOY" branded bourbon and whiskey in the United States, including in the State of Texas.

22.     Allied has marketed, promoted and advertised "COWBOY LITTLE

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  BARREL"/"COWBOY" bourbon and whiskey to distributors of distilled spirits who have

2  expressed an intent to sell and promote "COWBOY LITTLE BARREL"/"COWBOY"  bourbon

3  and whiskey in the United States, including in the State of Texas, once the TTB approves

4  Allied's label.

5      23.      Upon information and belief, distributors are extremely concerned about investing

6  in, promoting and distributing a brand like Allied's "COWBOY LITTLE BARREL" bourbon

7  and whiskey while a competitor Lone Star is using a confusingly similar "COWBOY" mark to

8  sell its competing brand of bourbon or whiskey.  The distilled spirits network is a closely knit

9  industry and Defendants' sales, promotion, advertising, and intent to continue selling, promoting,

10  and advertising a confusingly similar "COWBOY BOURBON" product undermines and

11  compromises Allied's credibility in the marketplace.

**B.    Defendants' Infringing Acts**

12

13      24.      Upon information and belief, Defendants founded the Garrison Brothers Distillery

14  in 2005.  Defendants' use of the "COWBOY BOURBON" mark began at an unknown date and

15  time, and, upon information and belief, continues today, and will continue into the future if not

16  enjoined.

17      25.      Upon information and belief, Defendants individually and collectively are

18  involved in the distilling, distribution, marketing and/or sales of Defendants' bourbon whiskey

19  marketed and sold using the unregistered name "COWBOY BOURBON."  Allied is informed

20  and believes, and upon that basis alleges, Defendants' advertisement, promotion, and offers for

21  sale are continuing to the present with the intent to continue into the future if not enjoined.

22      26.      Upon information and belief, Defendants advertise and market their whiskey

23  through distributors, in their distillery tasting room, online and through their respective websites

24  and have marketed, sold, and/or distributed their products in at least several states throughout the

25  United States, including "COWBOY BOURBON," and have expressed an intent to continue

26  selling "COWBOY"-branded straight bourbon whiskey in Texas and eventually everywhere in

27  the United States if not enjoined.

28      27.      Defendants' use of the mark emphasizes the word "COWBOY" which is in all-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   capital letters and large font above the descriptive word "BOURBON."  Defendants' label also

2   states "Limited Production Hand Crafted Bourbon."  Below are images of Defendants'

3   "COWBOY BOURBON" mark in use on bottles of bourbon whiskey.

4

5

6

7

8

9

10

11

12

13

14

15

16

17



18          28.       Defendants actively engaged in the illegal and unlawful business of advertising,

19   distributing, and/or selling a deceptively confusing product line related to distilled spirits, namely

20   bourbon and whiskey, including use of Allied's "COWBOY" trademark and trade name, or

21   imitation thereof.  Below is a screenshot of Defendants' website www.garrisonbros.com as of

22   June 25, 2014, which prominently features advertisements for "COWBOY BOURBON"

23   whiskey on the homepage:

24   ///

25   ///

26   ///

27   ///

28   ///

-8-

29.     On March 5, 2012, Defendants filed an application for COLA label approval through the TTB for the fanciful name "COWBOY BOURBON" for the class/type code "Straight Bourbon Whisky" for the brand name "Garrison Brothers."

30.     Defendants obtained COLA label approval on or around April 3, 2012.  (TTB ID: 120650010000777 attached hereto and incorporated herein as **EXHIBIT 2**).

31.     On February 20, 2012, Defendant filed a trademark application for the mark "COWBOY BOURBON" in International Class 33 for Whiskey (US Serial No. 85544721).  The application was filed as an "intent-to-use" application under 1(b).  Upon information and belief, Defendants have not filed a Statement of Use or specimen showing use of the mark.  Defendants disclaimed the word "BOURBON," which is descriptive of the bourbon whiskey product Defendants sell.

32.     On, June 29, 2012, the Trademark Examiner refused registration of Defendants' applied-for trademark application based a likelihood of confusion with Allied's federally registered trademark "COWBOY LITTLE BARREL" (U.S. Registration No. 2777811).  The

PLAINTIFF ALLIED LOMAR INC.'S FIRST AMENDED COMPLAINT            No. 1:14-cv-01078-SS

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Examiner recognized the importance of the word "COWBOY" on both Allied's and Defendants'

2    labels, stating, "The term COWBOY is the dominant feature in both of the marks."  Thus,

3    Defendants and/or their legal representatives have been aware of Allied's federally registered

4    trademark for "COWBOY LITTLE BARREL" since at least June 29, 2012.

5        33.    As of Jan. 26, 2013, Defendants' Application Serial No. 85544721 was suspended

6    for US Serial Nos. Application Serial Nos. 77628779 and 85316043.  As of February 9, 2015,

7    Defendants' Application Serial No. 85544721 was still suspended based on an August 11, 2014

8    Report.

9        34.    Allied is informed and believes, and upon that basis alleges, Defendants' first

10   sales occurred through a distributor on or around April or May of 2013, about a year after

11   Defendants obtained COLA label approval, and approximately nine or ten months after

12   Defendants' received notice from the USPTO of Allied's federally registered trademark.  (See

13   e.g., Defendants' statements on Defendants' website for "The Cowboy": "April of 2013 was

14   bittersweet in Hye, Texas. A distributor's truck arrived and hauled off an amazing little

15   bourbon." and "The Cowboy rode into these towns on Friday, May 10, 2013, and across the state

16   the next week." http://www.garrisonbros.com/cowboy website last visited February 9, 2015.)

17       35.    Defendants have specifically targeted liquor stores, bars, restaurants, hotels and

18   customers in several states in the United States.  Garrison Brothers' "COWBOY BOURBON"

19   (a.k.a. "Garrison Brothers COWBOY BOURBON Texas Straight Bourbon Whiskey") is

20   advertised as a straight bourbon whiskey as a subset of "Garrison Brothers Texas Straight

21   Bourbon Whiskey."  Defendants have expressed intent to expand its market to sell its

22   "COWBOY BOURBON," its other Texas Straight Bourbon Whiskey, and every one of its

23   products everywhere in the United States.  Defendants have expressed an intent to continue

24   selling its "COWBOY BOURBON" in 2015. (See e.g., Defendants' statements on Defendants'

25   website for "The Cowboy": "It won't be introduced again until 2015."

26   http://www.garrisonbros.com/cowboy website last visited February 9, 2015.)

27       36.    Defendants emphasize the word "COWBOY" in its branding, marketing, and

28   advertising and on the labels of Defendants' whiskey products, displaying the word "COWBOY"

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-10-

in all capital letters and in a large font.

37.    Upon information and belief, Defendants use the word "COWBOY" as shorthand for "COWBOY BOURBON," which is evidence that the word "COWBOY" is the dominant portion of Defendants' mark "COWBOY BOURBON."  Defendants also disclaimed "BOURBON" as descriptive in their trademark application.

38.    Upon information and belief, Defendants emphasize the "COWBOY" word and imagery on Defendants' marketing, labels, and website materials.  Defendants' website indicates that "The Cowboy" was first sold or distributed in April of 2013, and expected to retail at $159.99 to $169.99.  ("The Cowboy" http://www.garrisonbros.com/cowboy last visited February 9, 2015).

39.    Upon information and belief, Defendants have advertised, marketed, distributed, offered to sell and/or sold and continue to advertise, market, distribute, and/or sell its products, namely whiskey, associated with the deceptively similar "COWBOY" and "COWBOY BOURBON" marks in interstate commerce in several states including Texas and on the internet among other locations, including through the following websites www.garrisonbros.com; https://www.caskers.com/garrison-brothers-texas-straight-bourbon-whiskey/; http://www.binnys.com/all/garrison; and http://www.drinkupny.com/SearchResults.asp?Search=Garrison (last visited February 9, 2015). Defendants have expressed an ongoing intent to continue to advertise, market, distribute, and/or sell its products namely whiskey, with the deceptively similar "COWBOY" and "COWBOY BOURBON" marks in interstate commerce, unless enjoined.

40.    Further evidence of Defendants' intent to use the mark in interstate commerce (i.e., distribute and sell outside the State of Texas) is demonstrated by Defendants' aforementioned trademark application which was signed by Defendants' Dan Garrison on February 16, 2012, and included the representation of a bona fide intent-to-use: "The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services."  (Serial No. 85544721)

-11-

41.     Upon information and belief, Defendants' have used, are currently using, and have expressed an intent to continue to use of the "COWBOY BOURBON" name and recognition to promote and exploit the "COWBOY" branding to sell Defendants' other products, including bourbon and dry goods, and services, including distillery tasting room visits, to increase revenues and fame to Defendants and dissipate Allied's goodwill and opportunity to sell its own goods under its own registered trademark.  For example, the aforementioned DrinkUpNY website advertises Defendants' brand "Garrison Brothers Texas Straight Bourbon Whiskey" as the "American Micro Whiskey of the Year 2014 – Jim Murray" when, in fact, the American Micro Whiskey of the Year in the book "Whiskey Bible" by Jim Murray was Garrison Brother's sub-brand "COWBOY BOURBON," which is, upon information and belief, a sub-brand of "Garrison Brothers Texas Straight Bourbon Whiskey."  This is just one example of Defendants continued use of the "COWBOY" brand, recognition, and awards to profit and promote all of Defendants' goods and services online and throughout the United States to Allied's detriment.

42.     Defendants and Allied are in the same industry, alcohol and specifically distilled spirits, and sell the same products, specifically whiskey and bourbon whiskey to through the same trade channels to the same target customers, including distributors.  Because of the three-tier system of alcohol distribution in the United States, consisting of producers, distributors, and retailers, both Allied and Defendants must compete against each other to various levels of consumers.  First, Allied and Defendants must sell their competing bourbon and whiskey products to the first consumers, distributors, in order to get their product distributed to the second consumers, retailers, and eventually to the end-user consumers.  Thus, in this industry, the distributors are consumers and any likelihood of confusion at the distribution stage of the three-tier system will cause harm to Allied.

43.     Defendants and Allied currently and intend to continue to advertise, distribute, promote, and sell their alcohol-related products in the same or similar trade channels, including through distributors to retail store locations specifically tailored to limited production, rare, hand crafted, craft, small batch, and/or little barrel distilled spirits, namely whiskey and bourbon.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

44.      Defendants' use of the "COWBOY" and "COWBOY BOURBON" marks and other imitations thereof are confusingly similar to Allied's federally registered "COWBOY LITTLE BARREL" trademark for bourbon and whiskey.

45.      Defendants' use of the "COWBOY" and "COWBOY BOURBON" marks and other variations is in direct competition with Allied's "COWBOY LITTLE BARREL" and "COWBOY" marks for the exact same type of product, whiskey and bourbon.

46.      Defendants' use of the "COWBOY" and "COWBOY BOURBON" marks and other variations thereof in the alcohol and distilled spirits industry and related industries has caused actual confusion and/or is likely to cause confusion as to source, sponsorship, and/or affiliation in relation to Allied's "COWBOY LITTLE BARREL" and "COWBOY" marks.

47.      Defendants' use of the "COWBOY" and "COWBOY BOURBON" marks harms Allied's goodwill and dilutes Allied's trademarks, particularly with distilled spirits distributors.

48.      Allied is informed and believes, and thereon alleges, that Defendants will continue to use the "COWBOY" and "COWBOY BOURBON" marks unless enjoined from its use.  Thus, Defendants' use of the "COWBOY" and "COWBOY BOURBON" marks will continue to harm Allied's goodwill and will continue to dilute Allied's mark and trademark rights unless enjoined.

49.      Allied is informed and believes, and thereon alleges, that Defendants' use of the word "COWBOY" on its bourbon whiskey product has caused and/or will cause Allied immediate and irreparable harm.  Upon information and belief, the distilled beverage market is comprised of many small manufacturers (Allied and Defendants included), and a small number of large distributors.  Upon information and belief, large distributors are extremely hesitant and/or completely unwilling to adopt and advertise a small brand if there is a potential of confusion over the brand's name with similar and/or competitive products.  Upon information and belief, Allied has been and will continue to be unable to be adopted and marketed by one of the large distributors because of Defendants' confusingly similar use of the word "COWBOY" on distilled spirits.  Allied's expansion from domestic transport and international sales in foreign trade from California to domestic sales through distributors in the United States is imminent

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-

1    pending COLA label approval.

2        50.    Allied is informed and believes, and thereon alleges, that unless restrained and

3    enjoined, Defendants will continue to engage in the acts complained of herein and expand its use

4    of Allied's marks and trade name, even after Allied obtains COLA label approval, causing

5    continued irreparable damage to Allied, including but not limited to loss of goodwill based on

6    the distributors.  Allied's remedy at law is not adequate to compensate Allied for all the injuries

7    resulting from Defendants' actions.

8        51.    Defendants are not affiliated with Allied.  Defendants' use of the "COWBOY"

9    and "COWBOY BOURBON" marks are not authorized by Allied.

10   **FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT**

11   **(15 U.S.C. § 1114 *et. seq.*)**

12       52.    Allied realleges each and every allegation set forth in Paragraphs 1 through 51

13   inclusive, and incorporates them as though fully set forth herein.

14       53.    As set forth above, Allied is the owner of the federally registered trademark for

15   the Allied word mark identified above.  Allied has used its marks continuously in commerce for

16   each of its products, including those described above, and said marks identify the goods and

17   services of Allied, only, and distinguishes those products because of their long use by Allied and

18   its affiliation with the other partner companies that are authorized to advertise, distribute and/or

19   sell Allied's products.

20       54.    Defendants' activities constitute infringement of Allied's trademarks in violation

21   of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(a).

22       55.    Defendants' wrongful conduct includes the advertising, distribution and/or sales

23   of each and every product sold under the "COWBOY" and "COWBOY BOURBON" marks that

24   are confusingly similar and almost identical to Allied's "COWBOY LITTLE BARREL" and

25   "COWBOY" marks.  Whether imitation, or confusingly similar and deceptive, the infringing

26   products that Defendants have and are continuing to create, use, offer, advertise, distribute and/or

27   sell under the "COWBOY" and "COWBOY BOURBON" marks are so similar to genuine

28   products bearing Allied's "COWBOY LITTLE BARREL" and "COWBOY" marks that they

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-14-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   cause actual confusion and/or are likely to cause confusion and mistake as to the source of the

2   product and/or ownership, sponsorship, or affiliation of Allied's products, including but not

3   limited to distributors.

4        56.    On information and belief, and thereon alleged, Defendants have developed,

5   advertised, marketed, distributed, and/or sold its infringing products with the knowledge of

6   Allied's registered trademark and trade name and with the knowledge of Allied's federally

7   registered trademark and with the willful and calculated purposes of (a) misleading, deceiving or

8   confusing customers and the public as to the origin of the infringing products/materials and

9   (b) trading upon Allied's business reputation and goodwill.  At a minimum, Defendants acted

10  with knowledge and reckless disregard of Allied's federally registered and common law

11  trademarks.

12       57.    As a result of its wrongful conduct, Defendants are liable to Allied for trademark

13  infringement.  Allied has suffered, and will continue to suffer, losses, including, but not limited

14  to, damage to its business reputation and goodwill.  Allied is entitled to recover damages, which

15  include its losses and continued losses, and all profits Defendants have made and ongoing profits

16  Defendants will make during this pending action as a result of its wrongful conduct, pursuant to

17  15 U.S.C. § 1117(b).

18       58.    Allied is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it

19  has no adequate remedy at law as Defendants continue to develop, advertise and/or sell their

20  products to the same or similar consumers as Allied as well as through the same channels,

21  including the Internet and distributors.  On information and belief, Allied cannot get into certain

22  markets because of Defendants' unauthorized use of confusingly similar marks.  On information

23  and belief and thereon alleged, Defendants may expand their "COWBOY" and "COWBOY

24  BOURBON" product lines.  Lastly, Allied is entitled to injunctive relief as its business

25  reputation and goodwill will be irreparably harmed if Defendants' wrongful activities continue

26  and consumers, including but not limited to distributors, and/or potential consumers and the

27  public are confused and/or are likely to become further confused, mistaken or deceived as to the

28  source, origin or authenticity of the infringing materials.

1    59.    Allied is also entitled to recover its attorneys' fees and costs of suit pursuant to 15

2    U.S.C. § 1117, including for Defendants' ongoing infringing acts.

3    WHEREFORE, Allied prays for judgment, damages and injunctive relief against

4    Defendants as set forth below.

5    **SECOND CLAIM FOR RELIEF**

6    **FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN**
**AND FEDERAL UNFAIR COMPETITION**

7    **(15 U.S.C. §§ 1125(a) *et seq.*)**

8    60.    Allied realleges each and every allegation set forth in Paragraphs 1 through 59

9    inclusive, and incorporates them as though fully set forth herein.

10    61.    Because Allied has advertised, marketed, distributed, and sold its products and

11    advertises, markets, distributes, and sells its products under the trademarks described in this

12    Complaint, these trademarks are the means by which Allied's products and materials are

13    distinguished from the products and materials of others in the same or related fields.

14    62.    Due to Allied's long, continuous, and exclusive use of the trademarks, the

15    "COWBOY LITTLE BARREL" and "COWBOY" marks have come to mean, and are

16    understood by customers, including distributors, and the public, to signify products and services

17    and materials of Allied, particularly when used related to spirits, including whiskey and bourbon.

18    63.    Allied has designed and used, and continues to use, its mark, distinctive logos

19    with the Allied's name, displays, advertising, and packaging for its products and materials just

20    for this purpose.

21    64.    Defendants' wrongful conduct includes the continued use, advertising, marketing,

22    distribution, and/or sale of products bearing Allied's marks, as well as Allied's name, and/or

23    imitations of said marks that are virtually indistinguishable from Allied's mark, in connection

24    with its products.

25    65.    Allied is informed and believes, and upon that basis alleges, that Defendants

26    engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or

27    confusing customers and the public as to the origin and authenticity of the products offered,

28    marketed, distributed, and/or sold in connection with Allied's marks, name, and imitation visual

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-16-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    materials and design and is and trading upon Allied's business reputation and goodwill.

2    66.    Defendants' ongoing and threatened continued conduct constitutes: (a) false

3    designation of origin, (b) false or misleading description, and (c) false or misleading

4    representation that the imitation "COWBOY LITTLE BARREL" products originate from or are

5    authorized by Allied, all in violation of section 43(a) of the Lanham Act, set forth at 15 U.S.C.

6    section 1125(a).

7    67.    Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

8    68.    As a result of Defendants' wrongful conduct, Allied has suffered and will

9    continue to suffer losses, including, but not limited to, sales revenues illegally and unfairly

10   captured by Defendants, damage to its business reputation, and loss of good will.

11   69.    Allied is entitled to injunctive relief enjoining Defendants' ongoing wrongful

12   conduct pursuant to 15 U.S.C. Section 1125(a), and to an order impounding all products or

13   materials bearing imitation marks being used, offered, advertised, distributed and/or sold by

14   Defendants.

15   70.    Allied has no adequate remedy at law for Defendants' wrongful conduct because,

16   among other reasons: (a) Allied's marks, names, and designs are unique and valuable property,

17   which has no readily determinable market value; (b) Defendants' advertising, marketing,

18   distribution, and/or sales of imitated marks works a great harm to Allied's business reputation

19   and goodwill such that Allied could not be made whole by any monetary award; and (c)

20   Defendants' wrongful conduct, and the resulting damage to Allied, is continuing and likely

21   expanding.

22   71.    Allied is also entitled to recover its attorneys' fees and costs of suit pursuant to 15

23   U.S.C. Section 1117, including for Defendants' ongoing infringing acts.

24   WHEREFORE, Allied prays for judgment, damages, restitution, seizure, an accounting,

25   and injunctive relief against Defendants, and each of them, as set forth below.

26

27   **THIRD CLAIM FOR RELIEF**
     **(Constructive Trust Upon Illegal Profits)**

28   72.    Allied realleges each and every allegation in Paragraphs 1 through 71, inclusive,

-17-

and incorporates them as though fully set forth herein.

73.     Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful conduct in the nature of passing off their infringing "COWBOY" and "COWBOY BOURBON" products as those approved by, authorized by, affiliated with, or sponsored by Allied.

74.     By virtue of Defendants' wrongful acts and conduct, Defendants have and will continue to illegally received money and profits that rightfully belong to Allied, if not enjoined.

75.     Allied is also entitled, pursuant to 15 U.S.C. Section 1117(a) and 17 U.S.C. section 504(b), to recover all past profits of Defendants and ongoing profits during this pending action that are attributable to their acts of infringement of violations thereof.

76.     Defendants hold the illegally made profits in the form of money and property as constructive trustees for the benefit of Allied and will continue to profit in the form of money and property if not enjoined.

## FOURTH CLAIM FOR RELIEF
### (Accounting)

77.     Allied realleges each and every allegation in Paragraphs 1 through 76, inclusive, and incorporates them as though fully set forth herein.

78.     Allied is entitled, pursuant to 15 U.S.C. Section 1117(a) and 17 U.S.C. Section 504(b), to recover all profits of Defendants and ongoing profits during this pending action that are attributable to their acts of infringement or violations thereof.

79.     The amount of money due from Defendants to Allied and continuing to become due to Allied is unknown to Allied and cannot be ascertained without a detailed accounting by Defendants of the precise number of infringing materials advertised or offered for distribution and sold by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, ALLIED respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendants, finding that Defendants have:

a.     Willfully infringed and continue to willfully infringe Allied's

-18-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

rights in its federally registered trademark;

    b.    Willfully infringed and continue to willfully infringe Allied's rights in common law trademarks and trade name;

    c.    Committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Allied;

    d.    Committed and are committing unfair business competition by and through deceptive advertising and false designations of origin; and

    e.    Otherwise injured and continue to injure the business reputation, goodwill and business of Allied and irreparably harmed and continue to irreparably harm Allied by the acts and conduct set forth in this Complaint.

2.    That this Court issue temporary and permanent injunctive relief against Defendants, and each of them, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns and all other in active concert or participation with Defendants, be enjoined and restrained from:

    a.    Imitating, copying, or making any other infringing use or infringing distribution of the products or materials protected by Allied's trademarks;

    b.    Manufacturing, distilling, producing, distributing, offering for distribution, selling, offering for sale, advertising, importing, promoting or displaying any products, items or other things bearing any simulation, reproduction, copy or colorable imitation of products, items or things protected by Allied's trademarks;

    c.    Using any simulation, reproduction, counterfeit, copy or colorable imitation of Allied 's registered trademark or common law trademarks, in connection with the manufacture, distilling,

-19-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

production, distribution, offering for distribution, sale, offering for sale, import, advertising, promotion or display of any product, item or thing, including alcohol and distilled spirits and related materials not authorized by Allied;

d.    Using any false designation of origin or false or misleading description or false or misleading representation or name, that can or is likely to lead the industry or public erroneously to believe that any product, item or thing has been manufactured, distilled, produced, distributed, offered for distribution, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Allied, when such is not true in fact;

e.    Using the names, logos, or other variations thereof, of any of Allied's trademark protected products and materials in any of the Defendants' trade or corporate names or products;

f.    Engaging in any other activity constituting an infringement of any of Allied 's trademarks, and/or trade name or of Allied's rights in or right to use to exploit, these trademarks and/or trade name; and

g.    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through f above.

3.    That the Court enter an order declaring that the Defendants hold in trust, as constructive trustee for the benefit of Allied, all profits received by Defendants and continuing to be received by Defendants from their distribution or sale of counterfeit or imitation or infringing products and materials, and issue temporary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those

1    profits.

2    4.    That the Court enter an order requiring Defendants to provide Allied a full

3    and complete accounting of all profits received by Defendants and

4    continuing to be received by Defendants from their distribution or sale of

5    counterfeit, imitation and infringing products and/or materials, and of any

6    other amounts due and owing to Allied as a result of Defendants' illegal

7    activities.

8    5.    That the Court order Defendants to pay Allied's general, special, actual

9    and statutory damages, including Defendants' profits and ongoing profits,

10    for Defendants' willful infringement of Allied's trademarks.

11    6.    That the Court order Defendants to pay Allied the costs of this action and

12    the reasonable attorneys' fees incurred by Allied in prosecuting this

13    action.

14    7.    That the Court grant to Allied such other and additional relief as may be

15    just and proper in the premises.

16    Dated:  February 10, 2015              GORDON & REES LLP

17

18                                   By:    /s/ Robert P. Andris
19                                          Robert P. Andris  (Admitted Pro Hac)
                                            Michael D. Kanach  (Admitted Pro Hac)
20                                          Katarzyna Brozynski - 24036277
                                            Attorneys for Plaintiff
21                                          ALLIED LOMAR, Inc.

22

23

24

25

26

27

28

PLAINTIFF ALLIED LOMAR INC.'S FIRST AMENDED COMPLAINT              No. 1:14-cv-01078-SS

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh

3  Amendment to the Constitution of the United States, Allied hereby demands a trial by jury of all

4  issues triable in the above action.

5

6  Dated:  February 10, 2015                    GORDON & REES LLP

7

8                                        By:    */s/ Robert P. Andris*
                                               Robert P. Andris  (Pro Hac Admitted)
9                                              Michael D. Kanach  (Pro Hac Admitted)
                                               Katarzyna Brozynski – 24036277
10                                             Attorneys for Plaintiff
                                               ALLIED LOMAR, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

PLAINTIFF ALLIED LOMAR INC.'S FIRST AMENDED COMPLAINT          No. 1:14-cv-01078-SS

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## CERTIFICATE OF SERVICE

I hereby certify that on this **10th** day of February, 2015, I electronically filed the foregoing pleading with the clerk of the Court using the CM/ECF system, and a true and correct copy of the foregoing pleading was forwarded by electronic CM/ECF notification to the attorneys for parties at the addresses listed in the following Service List:

**Service List**

William S. Kronenberg - 133730, pro hac admitted
wkronenberg@krolaw.com
Steven W. Yuen - 230768, pro hac admitted
syuen@krolaw.com
KRONENBERG LAW, P.C.
1999 Harrison Street, Suite 1450
Oakland, CA  94612-4729
Tel:     (510) 254-6767
Fax:     (510) 788-4092

Steven D. Smit - 18527500
ssmit@gdhm.com
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, TX  78701
Tel:     (512) 480-5653
Fax:     (512) 480-5853

*Attorneys for Defendant,*
LONE STAR DISTILLERY, LLC DBA
GARRISON BROTHERS DISTILLERY

Dated:  February 10, 2015              GORDON & REES LLP

By:     */s/ Kibibi N. Shaw*
Kibibi N. Shaw

ALOMAR/1099306/21972499v.2

-23-

PLAINTIFF ALLIED LOMAR INC.'S FIRST AMENDED COMPLAINT              No. 1:14-cv-01078-SS

# EXHIBIT 1



*The United States of America*

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

## United States Patent and Trademark Office

Reg. No. 2,777,811
Registered Oct. 28, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## COWBOY LITTLE BARREL

ALLIED LOMAR, INC. (CALIFORNIA COR-
PORATION)
330 PRIMROSE ROAD, SUITE 512
BURLINGAME, CA 94010

FOR: BOURBON WHISKEY, IN CLASS 33 (U.S.
CLS. 47 AND 49).

FIRST USE 8-31-1995; IN COMMERCE 8-31-1995.

SER. NO. 78-047,390, FILED 2-8-2001.

TRACY WHITAKER-BOWN, EXAMINING ATTOR-
NEY



# EXHIBIT 2



**ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**
**U.S. Department of the Treasury**

# COLA Registry
### ALCOHOL AND TOBACCO TAX AND TRADE BUREAU

> Search Public COLA Registry
> COLAs Online FAQs
>
> Contact Us
> Public COLA Registry Manual
> Download Public COLA Registry Manual
>
> COLAs Online Logon

**TTB F 5100.31: Application For and Certification/
Exemption of Label/Bottle Approval**

## COLA Detail

**TTB ID:** ❓ 12065001000077                    > Printable Version

**Status:** ❓  APPROVED

**Vendor Code:** ❓  17572

**Serial #:** ❓  120002

**Class/Type Code:** ❓ STRAIGHT BOURBON WHISKY

**Origin Code:** ❓  TEXAS

**Brand Name:** ❓  GARRISON BROTHERS

**Fanciful Name:** ❓  COWBOY BOURBON

**Type of Application:** ❓  LABEL APPROVAL

**For Sale In:** ❓

**Total Bottle Capacity:** ❓

**Wine Vintage:** ❓

**Formula :** ❓

**Approval Date:**  04/03/2012

**Qualifications:** ❓

TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable.

**Plant Registry/Basic Permit/Brewers No (Principal Place of Business):** ❓

DSP-TX-15013

GARRISON BROTHERS DISTILLERY, LONE STAR DISTILLERY, LLC

1827 HYE ALBERT RD
HYE, TX 78635

**Plant Registry/Basic Permit/Brewers No (Other):** 

**Contact Information:**

Kimberly   Frost

Phone Number:  (512) 614-2021

Fax Number:  (903) 386-2714

KFROST@MFHLiquorLaw.com

Back

Alcohol and Tobacco Tax and Trade Bureau, 2003  Contact us at webmaster@ttb.treas.gov



While the Alcohol and Tobacco Tax and Trade Bureau (TTB) makes every effort to provide complete information, data such as company names, addresses, permit numbers, and other data provided in the registry may change over time. TTB makes no warranty, expressed or implied, and assumes no legal liability or responsibility as to the accuracy, reliability or completeness of furnished data. Label images contained within the Public COLA Registry may appear differently, with respect to type size, characters per inch and contrasting background, than actual labels on the container. We also remind users of the Public COLA Registry that section V. of the instructions for the TTB COLA Form 5100.31, Allowable Revisions to Approved Labels, identifies various types of label information that may be changed by the COLA holder without the need for re-approval. TTB welcomes suggestions on how to improve our Public COLA Registry. Please contact us via email at alfd@ttb.gov .

If you have difficulty accessing any information in the site due to a disability, please contact us via email (webmaster@ttb.treas.gov) and we will do our best to make the information available to you.

This site is best viewed at 800x600 screen resolution or higher using Internet Explorer 7.0.
If you are using Internet Explorer 8.0, click here for more information on browser Compatibility.

*WARNING! THIS SYSTEM IS THE PROPERTY OF THE UNITED STATES DEPARTMENT OF TREASURY. UNAUTHORIZED USE OF THIS SYSTEM IS STRICTLY PROHIBITED AND SUBJECT TO CRIMINAL AND CIVIL PENALITIES. THE DEPARTMENT MAY MONITOR, RECORD, AND AUDIT ANY ACTIVITY ON THE SYSTEM AND SEARCH AND RETRIEVE ANY INFORMATION STORED WITHIN THE SYSTEM. BY ACCESSING AND USING THIS COMPUTER YOU ARE AGREEING TO ABIDE BY THE TTB RULES OF BEHAVIOR, AND ARE CONSENTING TO SUCH MONITORING, RECORDING, AND INFORMATION RETRIEVAL FOR LAW ENFORCEMENT AND OTHER PURPOSES. USERS SHOULD HAVE NO EXPECTATION OF PRIVACY WHILE USING THIS SYSTEM.*

TTB COLAS Version 3.11.14

OMB No. 1513-0020  (01/31/2009)

## FOR TTB USE ONLY

**TTB ID**
12065001000077

| 1. REP. ID. NO. (If any) | CT | OR |
|---|---|---|
| | 101 | 44 |

**DEPARTMENT OF THE TREASURY**
ALCOHOL AND TOBACCO TAX AND TRADE BUREAU
# APPLICATION FOR AND CERTIFICATION/EXEMPTION OF LABEL/BOTTLE APPROVAL
(See Instructions and Paperwork Reduction Act Notice on Back)

## PART I - APPLICATION

**2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. (Required)**

DSP-TX-15013

**3. SOURCE OF PRODUCT (Required)**
- [✓] Domestic
- [ ] Imported

**8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON LABEL (Required)**

GARRISON BROTHERS DISTILLERY, LONE STAR DISTILLERY, LLC
1827 HYE ALBERT RD

HYE TX 78635

GARRISON BROTHERS DISTILLERY (Used on label)

**4. SERIAL NUMBER (Required)**

120002

**5. TYPE OF PRODUCT (Required)**
- [ ] WINE
- [✓] DISTILLED SPIRITS
- [ ] MALT BEVERAGE

**6. BRAND NAME (Required)**

GARRISON BROTHERS

**7. FANCIFUL NAME (If any)**

COWBOY BOURBON

**8a. MAILING ADDRESS, IF DIFFERENT**

| 9. EMAIL ADDRESS | 10. GRAPE VARIETAL(S) (If any) | 11. FORMULA | 18. TYPE OF APPLICATION (Check applicable box(es)) |
|---|---|---|---|
| KFROST@MFHLiquorLaw.com | | | **a.** [✓] CERTIFICATE OF LABEL APPROVAL |
| 12. NET CONTENTS<br>375 MILLILITERS | 13. ALCOHOL CONTENT<br>70 | 14. WINE APPELLATION IF ON LABEL | **b.** [ ] CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL<br>"For sale in _____ only" (Fill in State abbreviation.) |
| 15. WINE VINTAGE DATE IF ON LABEL | 16. PHONE NUMBER<br>(512) 614-2021 | 17. FAX NUMBER<br>(903) 386-2714 | **c.** [ ] DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ ____ (Fill in amount)<br><br>**d.** [ ] RESUBMISSION AFTER REJECTION TTB ID. NO. _____ |

**19. SHOW ANY WORDING (a) APPEARING ON MATERIALS FIRMLY AFFIXED TO THE CONTAINER (e.g., caps, celoseals, corks, etc.) OTHER THAN THE LABLES AFFIXED BELOW, OR (b) BLOWN, BRANDED OR EMBOSSED ON THE CONTAINER (e.g., net contents etc.). THIS WORDING MUST BE NOTED HERE EVEN IF IT DUPLICATES PORTIONS OF THE LABELS AFFIXED BELOW. ALSO, PROVIDE TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.**

## PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare; that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

| 20. DATE OF APPLICATION<br>03/05/2012 | 21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT<br>(Application was e-filed) | 22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT<br>Kimberly Frost |
|---|---|---|

## PART III - TTB CERTIFICATE

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

| 23. DATE ISSUED | 24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU |
|---|---|
| 04/03/2012 | *Sarah L. Johnson* |

## FOR TTB USE ONLY

| QUALIFICATIONS | EXPIRATION DATE (If any) |
|---|---|
| TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable. **STATUS** THE STATUS IS APPROVED. **CLASS/TYPE DESCRIPTION** STRAIGHT BOURBON WHISKY | |

AFFIX COMPLETE SET OF LABELS BELOW

Image Type:

## Brand (front)
## Actual Dimensions: 2.46 inches W X 5.87 inches H



Image Type:
**Brand (front)**
**Actual Dimensions: 3.17 inches W X 0.99 inches H**



Image Type:
**Back**
**Actual Dimensions: 2.29 inches W X 3.47 inches H**



**BORN & BRED
IN HYE, TEXAS**

GO TEXAN.

---

BARREL PROOF,
UNCUT, UNFILTERED

---

COOKED, DISTILLED, BARRELED &
BOTTLED BY GARRISON BROTHERS
DISTILLERY IN HYE, TEXAS

---

AGED THREE YEARS IN OAK

**GOVERNMENT WARNING:** (1) ACCORDING TO THE SURGEON
GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEV-
ERAGES DURING PREGNANCY BECAUSE OF THE RISK
OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC
BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR
OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.



8 51756 00203 5

---

**TTB F 5100.31** (5/2011) PREVIOUS EDITIONS ARE OBSOLETE