FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2017 MAR 28   PM 4: 50
AUSTIN DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

ALLIED LOMAR, INC.,

             **Plaintiff,**

-vs-
                                           **Case No.  A-14-CA-1078-SS**

LONE STAR DISTILLERY, LLC d/b/a Garrison
Brothers Distillery; and DOES 1 THROUGH 10,
             **Defendants.**

_____

# O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Allied Lomar, Inc. (Allied)'s Opposed Renewed Motion for Order as a Matter of Law and Opposed Motion for a New Trial [#140], Defendant Lone Star Distillery d/b/a Garrison Brothers Distillery (Garrison Brothers)'s Response [#182] in opposition, and Allied's Reply [#183] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

## Background

       This is a trademark infringement action brought by Allied, a California liquor distributor, against Garrison Brothers, a Texas liquor distributor. Filing suit in July 2014, Allied alleged it owned the trademark "COWBOY LITTLE BARREL" for bourbon and whiskey products and Garrison Brothers' "COWBOY BOURBON" mark infringed on its trademark. Allied consequently brought trademark infringement and unfair competition claims. Garrison Brothers counterclaimed for declaratory judgment findings of non-infringement and cancellation of Allied's registration due to abandonment or fraud on the United States Patent and Trademark Office (USPTO).

On December 5, 2016, this case was called for trial and a jury of six legally and duly qualified jurors was empaneled. Order of Dec. 5, 2016 [#143] at 1. Prior to the empaneling of the jury, the Court granted Garrison Brothers' second motion in limine and ordered Allied to "approach the bench, [and] advise of its intention regarding any product released subsequent to the filing of this lawsuit to obtain a ruling on admissibility prior to any exposure of the same to the jury." Order of Dec. 1, 2016 [#141]. The case proceeded through opening statements and to the presentation of evidence with Allied calling its President, Marci Palatella, as the first witness. *Id.* When questioned by Allied's counsel, Ms. Palatella advised the jury Allied's largest sale was the recent sale of 5,000 cases, which occurred after the filing of this suit. Order of Dec. 5, 2016 [#143] at 1. In light of Allied's violation of this Court's order in limine, the Court granted Garrison Brothers' motion for a mistrial. *Id.* at 1–2.

On January 9, 2017, this case was again called for trial and a jury of seven legally and qualified jurors was empaneled. The case proceeded to trial and, when Allied rested its case, Garrison Brothers filed a motion for judgment as a matter of law. The Court took this motion under advisement and the trial continued. When Garrison Brothers rested, Allied filed and Garrison Brothers renewed motions for judgment as a matter of law. The Court denied some grounds as there was sufficient evidence to raise fact issues and took other grounds under advisement. Thereafter, the case was presented to the jury via instructions and a verdict form. On January 11, 2017, the jury returned a verdict finding (1) no likelihood of confusion between the parties' trademarks, (2) the mark COWBOY LITTLE BARREL was in use in commerce at registration, (3) Allied did not commit fraud on the USPTO, and (3) Allied abandoned the mark COWBOY LITTLE BARREL. *See* Verdict Form [#167].

Allied timely filed its renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), arguing it is entitled to a favorable judgment because the jury's finding Allied abandoned the mark COWBOY LITTLE BARREL is unsupported by any evidence. Allied also moves for a new trial, arguing prejudicial error occurred in the jury instructions, verdict form, and exclusion of evidence. For the reasons set forth below, the Court DENIES both Allied's renewed motion for judgment as a matter of law and motion for a new trial.

### Analysis

#### I.      Motion for Judgment as a Matter of Law

#### A.      Legal Standard

When a case is tried to a jury, a motion for judgment as a matter of law "is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Cowart v. Erwin,* 837 F.3d 444, 450 (5th Cir. 2016) (citations omitted). In reviewing a challenge to a jury verdict, the Court "draw[s] all reasonable inferences and resolve[s] all credibility determinations in the light most favorable to the nonmoving party." *Heck v. Triche,* 775 F.3d 265, 272 (5th Cir. 2014) (citations omitted); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) ("Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe."). This Court upholds a jury's verdict "unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id.* at 273.

#### B.      Application

Allied argues it is entitled to judgment as a matter of law because the verdict and judgment are contrary to the evidence regarding Allied's intent to abandon. Mot. [#178] at 3–5. In particular, Allied claims Garrison Brothers did not meet its burden of persuasion as it presented no evidence

of an intent to abandon. *Id.* at 4. The Court disagrees with Allied's articulation of the intent required for abandonment and finds sufficient evidence to support the jury's finding of abandonment.

> The Lanham Act expressly provides a mark shall be deemed to be abandoned when
>
> its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

15 U.S.C. § 1127.

From this statutory language, the Fifth Circuit has extracted a two-part test, requiring the party asserting abandonment to establish "the owner of the mark both (1) discontinued use of the mark[,] and (2) intended not to resume its use." *Vais Arms, Inc. v. Vais,* 383 F.3d 287, 293 (5th Cir. 2004). When the party claiming abandonment provides evidence the mark has not been used for three consecutive years, however, the burden shifts to the mark owner to establish that "circumstances do not justify the inference of intent not to resume use." *Action Ink, Inc. v. N.Y. Jets, L.L.C.,* 576 F. App'x 321, 323 (5th Cir. 2014) (quoting *Exxon Corp. v. Humble Explor. Co., Inc.,* 695 F.2d 96, 99 (5th Cir. 1993)); *see also Emergency One v. Am. FireEagle, Ltd.,* 228 F.3d 531, 536 (4th Cir. 2000) ("Proof of three consecutive years of non-use thus creates a presumption—a mandatory inference of intent not to resume use.").

In order to rebut the presumption of intent not to resume use, the owner of the mark has the burden of producing evidence of either actual use or plans to resume use. *Exxon Corp.,* 695 F.2d at 102–03; *see also Source, Inc. v. 2nd Source Wireless, Inc.,* No. Civ. A. 300CV1933N, 2002 WL 32494523, at *3 (N.D. Tex. Nov. 1, 2002) ("The mark owner must come forward with objective, hard evidence of actual concrete plans to resume use in the reasonably foreseeable future when the

conditions requiring suspension abate." (internal quotation marks omitted)). Generally, evidence of the owner's intent to resume use of the mark should originate from the period of non-use, but evidence from after the non-use period can be relevant to the extent it demonstrates intent formed during the period. *Buck v. Palmer*, No. A-08-CA-572-SS, 2013 WL 11323280, at *3 (W.D. Tex. July 10, 2013) (quoting *ITC Ltd. v. Punchgini, Inc.*, 482 F.2d 135, 149 n.9 (2d Cir. 2007)).

Here, arguing the evidence shows it did not intend to abandon its trademark, Allied confuses "intent to resume use" and "intent to abandon." Mot. [#178] at 3–5. Significantly, the Fifth Circuit expressly differentiates between an "intent to resume" and an "intent to abandon." *Exxon Corp.*, 695 F.2d at 102–03. Intent to resume requires a trademark owner have plans to resume commercial use of the mark. *Id.* at 102. Comparatively, the intent not to abandon "tolerates an owner's protecting a mark with neither commercial use nor plans to resume commercial use[,]" which is not permitted under the Lanham Act. *Id.* at 102–03. While generally "there have been few occasions that required the drawing of this distinction[,]" where there is an alleged warehousing of marks, "the statutory language of an 'intent not to resume use' becomes important . . . and differs in a pivotal way from 'intent to abandon.'" *Id.* at 103 n.7.

In this case, it is undisputed Garrison Brothers provided evidence of non-use for at least three consecutive years. *See* Mot. [#178] at 5 (claiming Allied provided evidence sufficient to overcome the presumption). Allied therefore had the burden to rebut the presumption of intent not to resume use. Allied contends it provided testimony from Allied's president, Marci Palatella, and evidence of the inclusion of COWBOY LITTLE BARRELL products in its product price lists to show it did not intend to abandon the mark. *Id.* at 4. Claiming this evidence is sufficient to overcome the presumption, Allied argues Garrison Brothers did not meet its burden.

The Court finds a reasonable jury could have found Allied failed to rebut the presumption. Although Ms. Palatella testified Allied intended to resume using COWBOY LITTLE BARREL, the jury was not required to accept this testimony as true, and it is not the Court's prerogative to question credibility determinations. *See also Vais Arms, Inc.,* 383 F.3d at 294 ("[T]he owner of a trademark cannot defeat an abandonment claim . . . by simply asserting a vague, subjective intent to resume use of a mark at some unspecified future date."). In addition, while Allied offered evidence it included COWBOY LITTLE BARREL products on the price lists it shared with customers, Allied also admitted it had no COWBOY LITTLE BARREL products in its inventory for sale and the price list contained hundreds of products. Jan. 9, 2017 Tr. [#185] at 67:19–69:20, 123:8–125:17; Jan. 10, 2017 Tr. [#186] at 21:1–24:10. Thus, the Court finds the jury could have reasonably concluded Allied failed to rebut the presumption of intent not to resume use.

Even if Allied introduced enough evidence to rebut the presumption, Garrison Brothers presented evidence sufficient to support a finding of intent not to resume use and therefore abandonment. For example, Garrison Brothers introduced evidence Allied had no inventory of COWBOY LITTLE BARREL products during the period of non-use and Allied lacked the required Certificate of Label Approval (COLA) from the Alcohol and Tobacco Tax and Trade Bureau to even sell COWBOY LITTLE BARREL products in the United States. Jan. 9, 2017 Tr. [#185] at 94:22–95:10; Jan. 10, 2017 Tr. [#186] at 35:5–8, 38:25–39:3. Furthermore, Garrison Brothers highlighted how Allied had not advertised COWBOY LITTLE BOURBON products in American publications nor had its product reviewed by any whiskey critics. Jan. 10, 2017 Tr. [#186] at 40:19–41:4.

Thus, the Court finds there is legally sufficient evidence in the record to support the jury's finding of abandonment. Consequently, Allied's renewed motion for judgment as a matter of law on abandonment is DENIED.

## II.     Motion for a New Trial

### A.     Legal Standard

In deciding a motion for a new trial, the Court evaluates the fairness of the trial and the reliability of the jury's verdict. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). For example, the court may grant a new trial where the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Wellogix, Inc. v. Accenture, L.L.P.,* 716 F.3d 867, 881 (5th Cir. 2013) (quoting *Transworld Drilling Co.,* 773 F. 2d at 612–13). A court will not grant a motion for new trial based on trial error unless, "after considering the record as a whole, the Court concludes that manifest injustice will result from letting the verdict stand." *Learmonth v. Sears, Roebuck and Co.,* 631 F.3d 724, 731 (5th Cir. 2011) (quoting *Foradori v. Harris,* 523 F.3d 477, 506–07 (5th Cir. 2008)). In making this assessment, the Court views the evidence "in the light most favorable to the jury verdict." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991).

### B.     Application

Allied argues it is entitled to a new trial due to prejudicial harm stemming from errors in the jury instructions, verdict form, and exclusion of evidence. The Court addresses each of these alleged grounds for a new trial in turn.

### i.     Jury Instructions

In its motion for a new trial, Allied alleges several errors in the jury instructions resulted in prejudice: (1) the lack of instruction on excusable non-use to prove intent not to abandon; (2) two references to prima facie abandonment; (3) the lack of instruction on why evidence from after the lawsuit's filing was excluded; (4) an incorrect standard to rebut the presumption of abandonment; and (5) the lack of instruction on territoriality. Mot. [#178] at 6–10.

However, while Allied did object to the jury instructions at the charge conference, Allied's original objections are inconsistent with the objections Allied now raises in its motion for a new trial. *Compare* Mot. [#178] 6–10, *with* Jan. 11, 2017 Tr. [#187] at 13:25–21:24, 25:21–27:4. At the charge conference, Allied made only two objections not sustained by the Court or withdrawn by Allied itself. The first objection challenged language indicating use of a trademark in sales outside the United States does not establish a valid right in the trademark. Jan. 11, 2017 Tr. [#187] at 13:25–21:24. The second objection focused on the lack of instruction on territoriality and the doctrine of zone of expansion. *Id.* at 25:21–27:4.

Federal Rule of Civil Procedure 51 requires a party to object to jury instructions on the record and before the instructions and arguments are delivered by distinctly stating the matter objected to and the grounds for the objection. *Jimenez v. Wood Cty., Tex.,* 660 F.3d 841, 844–45 (5th Cir. 2011). Thus, as an initial matter, Allied failed to make proper objections under Rule 51 for all of the errors it now claims are prejudicial. The failure to timely object generally waives an error in jury instructions unless such an error rises to the level of plain error. *See Dahlen v. Gulf Crews, Inc.,* 281 F.3d 487, 494 (5th Cir. 2002) (noting where a party fails to object to jury instructions before the jury retires, review of tardy objections is under a plain error standard).

-8-

Allied claims its failure to raise any particular objection to the jury instructions on the record derives from insufficient time to review the instructions and the Court's prior rulings demonstrating a specific objection would be unavailing. Reply [#183] at 8–10. The Court finds Allied's complaint it had insufficient time to object to the jury instructions particularly feeble and baseless. The parties controlled how much time they received to review the proposed jury instructions and verdict forms. Jan. 11, 2017 Tr. [#187] at 13:14–16 (The Court ordered the parties to inform the court security officer, Mr. Hall, when they were finished reviewing the proposed instructions and verdict forms.). Additionally, the Court explicitly asked Allied's counsel whether he had the opportunity to review the instructions and verdict form, and Allied's counsel answered affirmatively. *Id* at 13:18–25. At no point did Allied's counsel object to the amount of time available to review the jury materials or ask for additional time.

Despite Allied's failure to timely and properly object, the Court nevertheless reviews Allied's alleged jury instruction errors.

First, Allied claims the Court erred in omitting instruction on excusable non-use. The Court disagrees, finding the omission of excusable non-use from the jury instruction was not an error. Particularly important, Allied did not request an instruction on excusable non-use and did not object to the lack of instruction on this area of law. *See* Pl.'s Draft Jury Instrs. [#124]; Pl.'s Suppl. Jury Instrs. [#156]. Additionally, an instruction indicating some trademark non-use is excusable would have been redundant in light of the instruction that abandonment requires intent not to resume use. *See Vetter v. McAtee,* No. 15-20575, 2017 WL 816233, at *3 (5th Cir. Mar. 1, 2017) (finding no error in the trial court's exclusion of instruction on excusable non-use where there was instruction on

trademark abandonment). If a mark owner had the requisite intent to resume use then the circumstances of non-use are irrelevant. *See id.*

Second, Allied also claims the two references to prima facie abandonment in the jury instructions caused prejudicial error by "pushing the jury towards a finding of abandonment . . . ." Mot. [#178] at 6. But the double reference to prima facie evidence is not error. The first reference describes when a jury can infer abandonment while the second reference discusses the shifting burdens of proof. Neither reference is an improper attempt to sway the jury, and collectively the two references accurately state the law. *See Action Ink, Inc.,* 576 F. App'x at 323 ("Nonuse for three consecutive years is prima facie evidence of abandonment. Once a party establishes a prima facie case of abandonment, it becomes the mark holder's burden to show that circumstances do not justify the inference of intent not to resume use." (citations and internal quotation marks omitted)).

Third, Allied contends the jury instructions were flawed because they did not explain why evidence on Allied's efforts to sell COWBOY LITTLE BARREL bourbon after the filing of the lawsuit in mid-2014 was excluded. Mot. [#178] at 7. Allied's argument, however, mischaracterizes the role of a motion in limine and implies the evidence should have been admitted.

As context, the Court granted Garrison Brothers' second motion in limine, and thus required Allied to approach the bench before discussing any product released post-filing of this lawsuit. Order of Dec. 1, 2016 [#141]. The Court expressly reminded the parties that granting Garrison Brothers' motion in limine was "not a ruling on admissibility" but only required the parties to approach the bench before discussing the limined subject matter. *Id.*

In granting Garrison Brothers' second motion in limine, the Court found evidence of Allied's sales of COWBOY LITTLE BARREL and other products post-filing was not relevant to show the

validity of its claims made in initiating the suit. *See* Dec. 5, 2016 Tr. [#174] at 3:23–5:7. In this case, allowing such evidence would permit a mark owner to unjustly defeat a claim of abandonment by using the mark after filing suit. *See Exxon Corp.,* 695 F.2d at 101 ("The [Lanham] Act does not allow the preservation of a mark solely to prevent its use by others.").

Moreover, as discussed above, in rebutting a presumption of abandonment, evidence of the owner's intent to resume use of the mark is generally limited to the period of non-use; however, evidence from after the non-use period can be relevant to the extent it demonstrates intent formed during the period. *Buck,* 2013 WL 11323280, at *3 (quoting *ITC Ltd.,* 482 F.2d at 149 n.9); *see also Imperial Tobacco Ltd., Assignee of Imperial Grp. PLC v. Philip Morris, Inc.,* 899 F.2d 1575, 1581 (Fed. Cir. 1990) ("The registrant must put forth evidence with respect to what activities it engaged in during the nonuse period or what outside events occurred from which an intent to resume use during the nonuse period may reasonably be inferred."). Use of a trademark after abandonment does not revive a party's rights in that mark. *See id.* at *5 ("Once abandoned, the marks were free to anyone who wished to use them . . .").

Significantly, in attempting to offer evidence from the period after non-use, Allied did not argue its activities after the filing of this lawsuit demonstrated an intent to resume use formulated during the non-use period. Jan. 9, 2017 Tr. [#185] at 82:1–83:6. Rather, Allied argued it should be allowed to introduce evidence of a new product, a blended whiskey rather than a bourbon and named COWBOY rather than COWBOY LITTLE BARREL, to prove no abandonment and damages. *Id.* The Court ruled this evidence was not relevant regarding abandonment of the COWBOY LITTLE BARREL mark but reserved reconsideration of admissibility if Allied's counsel could show relevance. *Id.* at 83:7–84:11.

Furthermore, a court has no obligation or duty to instruct the jury regarding its rulings on motions in limine. In fact, to instruct the jury could cause the very prejudicial effects an order in limine is meant to protect against. Thus, the Court did not err by excluding a jury instruction on the Court's second limine order.

Fourth, Allied claims the jury instructions specified an incorrect standard to rebut the presumption of abandonment. In particular, Allied argues requiring a trademark owner to provide evidence of concrete plans to resume use of the mark in the reasonably foreseeable future to overcome a presumption of abandonment was error. Mot. [#178] at 8. Yet, in light of Fifth Circuit precedent, requiring evidence of concrete plans to resume use to rebut a prima facie presumption of abandonment was not error. *See Exxon Corp.,* 695 F.2d at 102 ("An 'intent to resume' requires the trademark owner to have plans to resume commercial use of the mark."); *Vais Arms, Inc.,* 383 F.3d at 294 ("[T]he owner of a trademark cannot defeat an abandonment claim . . . by simply asserting a vague, subjective intent to resume use of a mark at some unspecified future date." (quoting *Emergency One, Inc.,* 228 F.3d at 537)); *Source, Inc.,* 2002 WL 32494523, at *3 ("The mark owner must come forward with objective, hard evidence of actual concrete plans to resume use in the reasonably foreseeable future when the conditions requiring suspension abate." (citations and internal quotation marks omitted)).

Finally, Allied alleges the lack of instruction on the territoriality of trademarks, especially on a senior trademark user's zone of expansion, was prejudicial error. Mot. [#178] at 10. The Court excluded territoriality and zone of expansion from the jury instructions because the parties' dispute did not concern who was the first user of the mark and entitled to a zone of expansion. Jan. 11, 2017 Tr. [#187] at 26:9–27:4; *see also Union Nat. Bank of Tex., Laredo, Tex. v. Union Nat. Bank of Tex.,*

*Austin, Tex.*, 909 F.2d 839, 843 (5th Cir. 1990) (Under the "zone of expansion" doctrine, "[a] senior user may enjoin a junior user in the senior user's 'natural zone of expansion.'"). Instead, this case focused on the validity of the registered trademark, COWBOY LITTLE BARREL, and the likelihood of confusion between it and COWBOY BOURBON. *Id.* To avoid confusing the jury with the tangentially related issue of zone of expansion, the Court focused the instructions on the likelihood of confusion and the validity of the COWBOY LITTLE BARREL mark, the key issues of the case. *Id.* Here, additional instruction on the zone of expansion was unnecessary and redundant in light of the Court's instructions on likelihood of confusion. Thus, there was no error in excluding instruction on territoriality and the zone of expansion.

In sum, the Court finds the jury injunctions did not contain any prejudicial error.

### ii.      Verdict Form

Allied also argues it is entitled to a new trial because of two prejudicial flaws in the verdict form. First, Allied claims question four on abandonment was flawed because it did not expressly reference intent and did not specify the time abandonment was alleged to apply. Mot. [#178] at 11–12. Second, Allied argues the verdict form improperly addressed Allied's unfair competition cause of action by failing to include a separate question on unfair competition. *Id.* at 12–15.

Again, Allied failed to make the objections it now raises in its motion for a new trial during the charge conference. *Compare* Mot. [#178] 11–14, *with* Jan. 11, 2017 Tr. [#187] at 17:18–21:24. Despite Allied's tardy objections, the Court nonetheless addresses each of Allied's alleged verdict form errors.

First, question four of the verdict form was not prejudicially flawed. Question four asked the jury, "Do you find, by a preponderance of the evidence, that Allied abandoned its COWBOY

-13-

LITTLE BARREL trademark?" Verdict Form [#167] at 5. Allied argues question four should have expressly referenced intent by including the phrase "with intent to abandon." Mot. [#178] at 11. As discussed above, however, intent to abandon is not the appropriate standard. The correct standard focuses on the intent to resume use. 15 U.S.C. § 1127 (defining trademark abandonment as when a trademark's "use has been discontinued with intent not to resume such use").

In the section of the jury instructions discussing question four and abandonment, the Court specifically informed the jury that "[a] mark is abandoned if its use has been discontinued with intent not to resume such use." Jury Instrs. [#160] at 10. Because the Court expressly described the intent required to find a mark was abandoned in the jury instructions, the lack of a direct reference to intent in question four was not prejudicial error, if error at all.

Allied also argues the abandonment inquiry in question four should have been limited to the time period before the filing of the lawsuit, i.e. before July 2014. Mot. [#178] at 11–12. However, Allied's own proposed verdict form did not limit the question on abandonment to any specific time period. *See* Pl.'s Proposed Verdict Form [#126] at 2. Moreover, in Garrison Brothers' closing argument, counsel explicitly limited the abandonment defense to two, specific periods of non-use, the first running "from 2006 until October of 2009" and the second period occuring "after that last October 2009 invoice going forward and it's gone forward until the lawsuit was filed." Jan. 11, 2017 Tr. [#187] at 73:19–74:4. Consequently, the absence of a time period limitation in question four caused no prejudicial error.

Second, the absence of a separate question in the verdict form on unfair competition was neither error nor prejudicial. In the jury instructions, the Court differentiated between Allied's trademark infringement claim and its unfair competition claim. Jury Instrs. [#160] at 6–7. As both

-14-

claims included evaluating the likelihood of confusion between COWBOY LITTLE BARREL and COWBOY BOURBON, it was not error to submit one confusion question to the jury for both claims. Submitting two likelihood of confusion questions to the jury would have needlessly complicated the jury's analysis.

Additionally, to the extent Allied insists the verdict form excluded the unfair competition claim, Allied waived any right to have the unfair competition claim separately submitted to the jury by failing to demand a separate question on unfair competition before the jury retired. *See* FED. R. CIV. P. 49(a)(3) ("A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury.").

As a result, the verdict form contains no prejudicial error warranting a new trial.

### iii.    Exclusion of Evidence

In Allied's final alleged ground for a new trial, Allied fleshes out the argument it implied in claiming the jury instructions were flawed: Allied alleges that evidence of Allied's sales and efforts after the filing of this lawsuit was improperly excluded. Mot. [#178] at 15–20. As discussed above, the Court did not err in granting Garrison Brothers' second motion in limine, which required Allied to approach the bench before presenting to the jury any evidence on a product released to market after the filing of this lawsuit. Order of Dec. 1, 2016 [#141].

In any event, although given ample opportunity, Allied failed to make any offer of proof to the Court concerning its post-filing sales and marketing efforts. Allied did not file a response to Garrison Brothers' second motion in limine, offered no grounds for admission in initially seeking to discuss its post-filing evidence, and did not argue its post-filing sale was admissible when the

-15-

Court considered a mistrial. Dec. 5, 2016 Tr. [#174] at 3:18–5:8, 48:1–51:25. Furthermore, Allied never specifically identified what post-filing evidence it wanted to offer and the grounds for the admission of that evidence in the second trial. *See* Jan. 9, 2017 Tr. [#185] at 81:19–85:21. For courts in the Fifth Circuit, "the propriety of the decision to exclude the evidence at issue" is not even considered "if not offer of proof was made at trial." *United States v. Morrison,* 833 F.3d 491, 505 (5th Cir. 2016) (quoting *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979)).

In short, no prejudicial error occurred in the exclusion of Allied's post-filing evidence as the evidence was properly excluded and Allied never made an offer of proof nor raised grounds for admission at trial. Considering the record as a whole, Court finds no manifest injustice will result from letting the verdict stand. Thus, Allied's motion for a new trial is DENIED.

### Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Allied Lomar, Inc.'s Renewed Motion for Judgment as a Matter of Law and Opposed Motion for a New Trial [#178] are DENIED.

SIGNED this the 28th day of March 2017.

SAM SPARKS
UNITED STATES DISTRICT JUDGE